IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>ex rel. DEANNA YEAGER )<br>        )<br>    Plaintiff, )<br>        )<br>v.      )<br>        )<br>MEDQUEST ASSOCIATES, INC., )<br>DOTHAN DIAGNOSTIC IMAGING, )<br>INC.,   )<br>        )<br>    Defendants. ) | CIVIL ACTION NO.<br>1:03-cv-00777-MHT-TFM |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 58, filed February 6, 2007). Pending before the Court is *Defendant Dothan Diagnostic Imaging, Inc.'s and Medquest Associates, Inc.'s Motion for Sanctions based on Relator's Failure to Comply with this Court's Order to Make Disclosures and Cooperate in Discovery* (Doc. 69, filed April 16, 2007), *Defendant Dothan Diagnostic Imaging, Inc.'s and Medquest Associates, Inc.'s Supplement to their Motion for Sanctions Based on Relator's Failure to Comply with this Court's Order to Make Disclosures and Cooperate in Discovery* (Doc. 72, filed May 2, 2007), and Relator's failure to respond to the

Court's Show Cause Order (Doc. 70).[1]  The Court held a hearing where it heard oral arguments from the parties on June 26, 2007.  For good cause, it is the Recommendation of the Magistrate Judge that the motion be denied without prejudice to reassert.

## I. PARTIES

Relator, Deana Yeager ("Yeager" or "Relator") is a resident of Dothan[2] in Houston County, Alabama, within the Middle District of Alabama.

Defendant Dothan Diagnostic Imaging, Inc. ("DDI") is located in Dothan, Alabama within the Middle District of Alabama.

Defendant Medquest Associates, Inc. ("MQA") is headquartered in Alpharetta, Georgia.  Medquest Associates presented contests personal jurisdiction as its denies the allegations made in Plaintiff's Amended Complaint.  While reserving their jurisdictional argument, MQA also requests dismissal for Plaintiff's failure to prosecute her claim.

## II. NATURE OF CASE/BACKGROUND

Relator initiated this *qui tam* false claims action on July 25, 2003. *See* Doc. 1.  After a lengthy investigation by the United States of America, the United States elected to decline intervention on March 13, 2006.  *See* Doc. 34.  On November 9, 2006, the Court granted the Motion to Withdraw filed by Relator's counsel and gave Relator until December 1, 2006 to

---

[1]  While the motion is termed as a Motion for Sanctions, it is requesting the ultimate sanction of dismissal and shall be treated as a Motion to Dismiss for failure to prosecute.

[2]  Plaintiff's Amended Complaint states Plaintiff resides in Dothan, Alabama, but her service address is listed in Webb, Alabama.  However, both addresses are located in Houston, County and as such, this court has jurisdiction.

obtain new counsel. *See* Docs. 55-56.

Upon the District Judge's February 6, 2007 referral of this action for all pretrial proceedings, the Magistrate Judge set a status conference for February 28, 2007 in response to a request by Defendants and to hear Plaintiff's *Motion to Extend Discovery and Dispositive Motion Deadlines and Court Date*. *See* Docs. 57-62. At the hearing, the Court warned Relator that her lack of representation does not excuse her from compliance with court orders and the Federal Rules. Less than a month later, the parties filed a joint motion for modification of the scheduling order. *See* Doc. 67. The Court granted the requested extensions, but issued an oral warning to both sides this would be the last discovery extension.

### III. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

A district court may dismiss an action if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2); *see also Welch v. Comcar Indus.*, 139 Fed. Appx. 138, 139 (11th Cir. 2005) (citing Rule 37). As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

On April 16, 2007, Defendants filed their *Motion for Sanctions based on Relator's Failure to Comply with this Court's Order to Make Disclosures and Cooperate in Discovery*. *See* Doc. 69. The Court's review of the motion determines it is more appropriately termed a Motion to Dismiss. The Court entered a show cause order with Plaintiff's response due by April 30, 2007. To date, Plaintiff has filed no response. Defendants filed their *Supplement to their Motion for Sanctions Based on Relator's Failure to Comply with this Court's Order to Make Disclosures and Cooperate in Discovery* on May 2, 2007. *See* Doc. 72. In the supplement, Defendants notified the Court that Relator finally served some discovery responses on them, but the responses were incomplete and nonresponsive. *Id*. The Court scheduled a hearing on the Motion for June 11, 2007. *See* Doc. 75.

At the hearing, Defendants cited Relator's failure to disclose documents, failure to respond to discovery, and failure to respond to the Court's Show Cause Order to support their motion to dismiss. Relator responds she has complied to the best of her ability with the discovery requests and did not understand she was required to respond to the Court's show cause order since she had responded to the discovery.

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Court determines the Motion to Dismiss for failure to prosecute should be denied without prejudice to reassert. The Court also gave an additional warning about complying with discovery deadlines. While Relator has certainly not participated in the discovery process as she should, she has, at this time, participated sufficiently to avoid dismissal for failure to prosecute. Moreover, simple negligence, misunderstanding, or inability to comply will not

justify a Rule 37 dismissal. *Malautea*, 987 F.2d at 1542 (citations omitted). Relator stated her lack of understanding and legal training caused her discovery violations.

## IV. CAUTION AND WARNING

Relator was *again* advised of her obligations under the Federal Rules and Court orders. The Court cannot serve as *de facto* counsel in her case, nor can it continue to give her leniency for discovery violations. The Court again advises Relator to seek the advice of an attorney to review the merits of her claim. Furthermore, the Court has warned Relator that her failure to fully participate in the discovery may have or in the future prejudice her rights to present certain evidence or testimony in the future. A "failure to understand" court rules and procedures will not change this fact.

## V. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) *Defendant Dothan Diagnostic Imaging, Inc.'s and Medquest Associates, Inc.'s Motion for Sanctions based on Relator's Failure to Comply with this Court's Order to Make Disclosures and Cooperate in Discovery* (Doc. 69) be **DENIED** without prejudice to reassert.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **July 16, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 2nd day of July, 2007.

                                               /s/Terry F. Moorer
                                               TERRY F. MOORER
                                               UNITED STATES MAGISTRATE JUDGE